## May *v.* Meehan, Appellant.

*Mortgage—Scire facias—Affidavit of defence.*

An affidavit of defence to a scire facias sur mortgage which denies the indebtedness, but fails to deny the execution of the mortgage, is insufficient to prevent judgment.

Argued Jan. 6, 1893.   Appeal, No. 16, July T., 1892, by defendant, John Meehan, from order of C. P. No. 3, Phila. Co., making absolute a rule for judgment for want of a sufficient affidavit of defence in favor of plaintiff, Frederick L. May. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Scire facias sur mortgage.

Defendant filed an affidavit of defence in which he averred that " he never had any dealings with or ever saw plaintiff until a suit on a mortgage in the above case had been commenced. That he had no knowledge of a mortgage being against his property, No. 845 Jackson street, until it was accidentally discovered in a search against his name, when he gave notice to have the mortgage satisfied within forty-eight hours.   No claim had ever been made for interest, and it was only when the demand for satisfaction was made that a scire facias was issued ; that he never saw the alleged mortgage, never borrowed any money on said mortgage from or through any person, and never received any money from the plaintiff or any one representing him, on mortgage or in any way secured on said house."

In a supplemental affidavit of defence he averred " that he never received any consideration from the plaintiff, or any one representing him, on or for the alleged mortgage, either in

money or otherwise whatever; that he never made application to the plaintiff, or any one representing him, for any money, and is not indebted to the plaintiff in any sum of money, or in any manner whatsoever."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*H. W. Gimber,* for appellant, cited: Thompson v. Clark, 56 Pa. 34; Twitchell v. McMurtrie, 77 Pa. 388; Hugg v. Scott, 6 Whart. 274; Leibersperger v. Bank, 30 Pa. 532.

*William F. Meyers,* for appellee, not heard, cited: Allen v. Bank, 10 W. N. 188; Woods v. Watkins, 40 Pa. 458; Act of March 28, 1835, P. L. 89; Peck v. Jones, 70 Pa. 83; Stitt v. Garrett, 3 Whart. 281; Kaufman v. Iron Co., 105 Pa. 537; Class v. Kingsley, 142 Pa. 636; Endlich, Affidavits of Def. § 489; Black v. Garrett, 2 Sch. Leg. Rec. 251; Palairet v. Fidelity Co. & Fell, 16 W. N. 146; Snyder v. Powers, 37 Leg. Int. 387; Lord v. Ocean Bank, 20 Pa. 387; Marsh v. Marshall, 53 Pa. 396; Blackburn v. Ormsby, 41 Pa. 97.

PER CURIAM, January 2, 1894:

It appearing to the court that the judgment in above entitled case was affirmed at bar January 6, 1893, but no record thereof was made, it is now ordered that the prothonotary enter said judgment of affirmance nunc pro tunc.